FILED

2019 Sep-26  AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PELZ,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| **vs.** | ) | **CIVIL CASE NO.** |
| | ) | |
| **CITY OF HUNTSVILLE, a** | ) | **JURY DEMAND** |
| **MUNICIPAL CORPORATION,** | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I.    JURISDICTION AND VENUE

1.    This suit is brought and jurisdiction lies pursuant to the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et.seq., which incorporates by reference Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, as well as the ADA Amendments Act of 2008 ("ADAAA"). The plaintiff requests a trial by jury of all issues triable to a jury. Subject matter jurisdiction is established pursuant to 28 U.S.C. §1331 and venue is proper in this district pursuant to 28 U.S.C. §1391(b).

2.    The unlawful employment practices described herein were committed within the State of Alabama, in Huntsville, Madison County Alabama. Accordingly, venue in the Court is proper pursuant to 28 U.S.C. § 1391(b).

3.    The Plaintiff timely filed his charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the

discriminatory treatment, Exhibit A. The EEOC issued a Determination on the merits of the charge, finding in favor of Plaintiff, a copy of which is attached as Exhibit B. The Plaintiff further filed this lawsuit within 90 days after receipt of his Dismissal and Notice of Rights issued from the Department of Justice, Exhibit C.

## II.    PARTIES

4.    Plaintiff John Pelz is a qualified individual with a disability and/or perceived disability, as defined by the Americans with Disabilities Act, and at all relevant times, a resident of Huntsville, Madison County, the State of Alabama. At all relevant times, the Plaintiff was discriminated against by Defendant, the City of Huntsville, a Municipal Corporation (hereafter "City of Huntsville" or "City") because of his disability, and/or perceived disability.

5.    Defendant, the City of Huntsville, employs more than fifteen (15) persons, within the meaning of 42 U.S.C. §1981a(b)(3) and 42 U.S.C. §2000e. et seq.. At all relevant times, Defendant was doing business in Madison County, the State of Alabama. Defendant was the "employer" of Plaintiff within the meaning of 29 U.S.C. §2611(4)(A) at all times relevant to the issues raised in this action.

## III.   FACTUAL ALLEGATIONS

6.    Plaintiff, John Pelz, is a qualified individual with a disability.

7.   Plaintiff began employment for the City of Huntsville in the Public Works Services Sanitation Department ("Sanitation") on August 13, 2007 as a regular, full-time Equipment Operator III.

8.   During the course of his employment, Plaintiff suffered several injuries arising out of his work activities which have affected one or more major life activities.

9.   Plaintiff has been receiving medical treatment since June of 2013, for ongoing medical issues caused by the nature of his work in Sanitation, after his employer denied his request to see the City doctor.

10.   Plaintiff's disability has affected the use of upper extremities, including his hands and wrists, as well as his shoulders, back and neck.

11.   In his duties as an equipment operator, Plaintiff operated a sanitation truck which required that he be able to rotate an oversize steering wheel more than 180 degrees at a time.

12.   It was common practice for equipment operators to attach a steering assist knob onto the steering wheel of the truck they were operating that day.

13.   A revised Public Works Services Steering Knob Policy was issued on or about January 17, 2017, prohibiting the placement or use of steering assist knobs on the steering wheel of any Public Works Services vehicles.

14.     Plaintiff was released to work on February 13, 2017, with the restriction that he drives sanitation trucks with the use of a steering assist knob.

15.     Plaintiff provided the City with notes from both his internal medicine physician and his orthopedic physician, requesting that he be allowed to use a steering assist knob to accommodate his disability.

16.     Plaintiff was not allowed to use a steering assist knob even though other drivers continued to use steering assist knobs in violation of the January 17, 2017 policy.

17.     On June 15, 2017, Plaintiff was evaluated by Therapy Achievements, LLC, with Chris Cleve, Plaintiff's supervisor, David Stallions, head mechanic, Mike Blankenship, head of mechanic shop, and Angelia Smith, City of Huntsville Health and Wellness Center, in attendance.

18.     Plaintiff's physician requested a Sure Grip Spin Master Quick Release base be placed on each work vehicle driven by Plaintiff.

19.     Plaintiff submitted a Reasonable Accommodation Request to the City and received a response letter approving his request for the use of a steering knob on July 24, 2017. The letter charged Christopher McNeese, head of Sanitation, with working with Huntsville's Fleet Services Department. Sanitation was also charged with coordinating the necessary training for the use of the steering knob.

20.    Rather than accommodate Plaintiff's restriction, Sanitation removed him from driving to work as a helper. The principle duties of a helper require frequent use of hands and wrists and heavy lifting. The weight of the garbage cans and refuse also exceed Plaintiff's restrictions and the overuse of his hands and wrists caused injury to Plaintiff.

21.    Plaintiff has been talked about and laughed at by co-workers and supervisors because of his accommodation.

22.    On July 20' 2017, and July 24, 2017, a driver who was on medication and unable to perform his typical duties was allowed to sit inside during the day and not assigned to work as a helper in the same manner as the Plaintiff.

23.    On or about August 25, 2017, Chris Cleve was laughing at the Plaintiff and stated Plaintiff was lied to about his work as a driver.

24.    Plaintiff was not allowed to drive until August 30, 2017, after Huntsville's legal department intervened to have him placed back as a driver. However, Plaintiff received a truck not properly maintained, and was then reassigned to an older truck that was in disrepair.

25.    Plaintiff worked to repair the truck with the head fleet mechanic, but was then reassigned to another truck in even worse condition.

26.    On more than one occasion, Plaintiff has had to use substandard equipment when better functioning equipment has been available.

27.     Drivers without a disability or perceived disability drive trucks with a knob on the steering.

28.     Plaintiff has been subject to retaliatory acts in the workplace, including inaccurate time logged by his supervisors and other measures.

29.     Drivers who have been caught sleeping in the garbage trucks and/or have damaged the trucks, e.g. broken mirrors, have not been removed from driving and have been treated more favorably than the Plaintiff.

30.     Plaintiff has been given writeups, reprimands and other disciplinary actions for not following policy when he has complied with City policy and rules.

31.     Plaintiff was discriminated against and continues to be discriminated against because of his disability and/or perceived disability, including failure or refusal to accommodate his restrictions and disparate treatment.

32.     Plaintiff has been retaliated against because of his disability and for engaging in seeking redress for his federally protected rights.

**IV.    CAUSES OF ACTION**

**COUNT ONE**
**DISABILITY DISCRIMINATION**
**DISPARATE TREATMENT/HOSTILE WORK ENVIRONMENT**

33.     The Plaintiff re-alleges and incorporate by reference paragraphs 1 through 21 with the same force and effect as if fully set out in specific detail hereinbelow.

34.    As a result of a work injury, Plaintiff suffered from a perceived disability in that he had a physical impairment that substantially limited one or more of his major life activities, had a record of such impairment, and/or was regarded as having such impairment. Defendant discriminated against John Pelz in the terms and conditions of his employment based upon his disability, including refusal to provide reasonable accommodation of his disability. Plaintiff has been discriminated against on the basis of his disability and/or perceived disability in regard to hostile work environment, disparate treatment and other adverse terms and conditions of employment, in violation of Title VII of the Civil Rights Act, as amended, and/or 42 U.S.C. §1981.  The plaintiff has been discriminated against because of his disability and/or perceived disability, and has been subjected to a hostile work environment because of his disability and/or perceived disability.

35.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT TWO
## RETALIATION

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 with the same force and effect as if fully set out in specific detail herein below.

37.     Plaintiff has been retaliated against and subjected to retaliatory acts in the workplace that interfered with the ability to perform his job, after having made a good faith complaint that he was being discriminated against because of one or more disabilities and having sought accommodation for the same. This retaliation includes disparate treatment, disparate treatment with regard to assignment of equipment and job tasks, unfair disciplinary actions, and other retaliatory actions.

38.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgement are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after a trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedure, conditions and customs of the Defendant are violative of the rights of the Plaintiffs as secured by the ADA, as well as the ADAAA.

2.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the ADA, as well as the ADAAA.

3.      Enter an order requiring the Defendant to make the Plaintiff whole by awarding him the position he would have occupied in the absence of race and color discrimination, back-pay (plus interest), punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

4.      The Plaintiff further prays for such relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

s/Michael E. Auffenorde
Michael E. Auffenorde
Attorney for Plaintiff
ASB-9810-O57M

OF COUNSEL:
**MICHAEL E. AUFFENORDE, P.C.**
2409 Commerce Court, Suite B
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY**


s/Michael E. Auffenorde
Michael E. Auffenorde

Defendant can be served at:

City of Huntsville

Plaintiff's Address:

John Pelz
c/o Michael E. Auffenorde, P.C.
600 Boulevard S SW, Suite 104
PO Box 12789
Huntsville, Alabama 35815